IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TARA DIABY,
an individual,

          CASE NO.:

       Plaintiff,

vs.

BOSTON MARKET CORPORATION,
A Foreign Profit Corporation,

       Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

TARA DIABY ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, BOSTON MARKET CORPORATION ("Boston Market"), and in support of her claims states as follows:

## NATURE OF ACTION

1. This action is brought pursuant to violations of (1) Title VII of the Civil Rights Act of 1964 (Title VII), as amended in 1991, 42 U.S.C. §2000e *et seq.,* (2) the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 *et seq.*, (3) the Americans with Disabilities Act (ADA), 42 U.S.C § 12112 *et. seq.*, (4) Florida's Private Sector Whistleblower Statute, F.S. §448.102(3) and (5) Invasion of Privacy by Intrusion Upon Seclusion.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state-law claims

pursuant to the provisions of 28 U.S.C. § 1367 *et seq*.

4.      Venue is proper in the Middle District of Florida, Tampa Division,

pursuant to 28 U.S.C. §1391(b) because a substantial part of the events

giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

5.      At all times relevant, Plaintiff is an individual and resident of Pinellas

County, Florida.

6.      At all times relevant, Defendant Boston Market is a Foreign Profit

Corporation doing business in Pinellas County, Florida.

7.      At all times relevant, Plaintiff was an "employee" as defined by the ADA,

42 U.S.C. §12111(4); Title VII, 42 U.S.C. § 2000e; and the Florida Private

Sector Whistleblower Statute, F.S. §448.101(2).

8.      At all times relevant, Defendant Boston Market was and is an

"employer" as defined by the ADA, 42 U.S.C. § 12111(5); Title VII, 42

U.S.C. § 2000e; the FMLA, 29 U.S.C. §2611(4), and the Florida Private

Sector Whistleblower Statute § 448.101(3).

9.    At all times relevant, Plaintiff was an employee of Defendant Boston Market and worked at least 1250 hours in the 12 months preceding her need for leave under the FMLA.

10.   Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

## ADMINISTRATIVE PREREQUISITES

11.   Plaintiff timely filed a charge of discrimination with the Florida Commission on Human Relations and Equal Employment Opportunity Commission. A copy of the charge is attached as Exhibit "A".

12.   A notification of Right to Sue was received from the Equal Employment Opportunity Commission on or about January 21, 2021 and a copy is attached as Exhibit "B". This Complaint has been filed within ninety (90) days of receipt thereof.

13.   More than 180 days have passed since the filing of the EEOC charge.

14.   All conditions precedent to bringing this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15.   On or around September 14, 2019, Plaintiff began her employment with Boston Market as a Cashier.

16.   On or around November 2019, Plaintiff received a new male manager, Matthew Claxton.

_Sexual Harassment, Sex Discrimination, and Invasion of Privacy_

17.  Approximately two (2) to three (3) times a week, Manager Claxton bombarded Plaintiff with sexually charged conversations and jokes. For example, Manager Claxton bragged to Plaintiff about having sex with married female coworkers.

18.  Later, Manager Claxton's behavior progressed beyond sexual jokes and comments.

19.  While Manager Claxton and Plaintiff were on shift together, Plaintiff went on a restroom break and locked the door behind her. Shortly thereafter, Manager Claxton walked straight toward the single person restroom. Manager Claxton unlocked the door and intentionally entered the locked single person restroom that Plaintiff occupied.

20.  Plaintiff, while pulling up her pants and frightened, screamed, "What are you doing?" When Manager Claxton was confronted with this question, he offered the excuse that he was "looking for her".

21.  Plaintiff reported Manager Claxton's behavior to the General Manager of the store, Ms. Voght, and Plaintiff asked that she not be staffed with Manager Claxton. Plaintiff's request was denied.

22. When Manager Claxton learned of Plaintiff's complaint, he began to closely scrutinize her work and forced her to do the work of other employees.

23. On or around September 2020, Manager Claxton's retaliation came to a head when Plaintiff was forced to close the restaurant with Manager Claxton.

24. Around 10:45 P.M., Plaintiff was preparing to close the restaurant. She made a comment about the number of dirty dishes. Manager Claxton yelled, "You fucking bitch, nobody is leaving until the work is done." Plaintiff, terrified, fled the store. Manager Claxton, while trailing behind her, yelled, "Get the fuck out of my store."

25. Plaintiff returned the next day and once again reported Manager Claxton's behavior to the General Manager. Instead of disciplining Manager Claxton, the General Manager wrote up Plaintiff.


_Family Medical Leave Act and Americans with Disability Act_

26. On or around October 1, 2020, Plaintiff fell ill on the day she was  not scheduled to work. Her next scheduled work day was on October 3, 2020.

27. On or around October 1, 2020, Plaintiff contacted  managers, Mr. Jensen and Ms. Voght, about her illness and stated she was heading to the

emergency room. The manager, Mr. Jensen, pleaded with Plaintiff to show up to work.

28. When Plaintiff did not show up for work during her hospital stay, Mr. Jensen contacted Plaintiff and told Plaintiff to take fourteen (14) days off from work and provide a doctor's note.

29. While in the hospital, Plaintiff had emergency gallbladder surgery. Plaintiff remained in the hospital until about or around October 18, 2020.

30. During Plaintiff's stay in the hospital, she remained in contact with Boston Market.

31. On or around October 18, 2020, after Plaintiff was released from the hospital, she learned that Boston Market terminated her employment for "no call no show".

## COUNT I- TITLE VII Sexual Harassment

32. Plaintiff realleges and readopts, the allegations of Paragraphs one (1) through eight (8) and Paragraphs eleven (11) through twenty-five (25), as though fully set forth herein.

33. Plaintiff is a member of a protected class.

34. The aforementioned actions by Matthew Claxton constitute unwelcome sexual harassment.

6

35.   The harassment by Manager Claxton was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

36.   Boston Market knew of or should have known of the harassment of Plaintiff.

37.   Boston Market's actions constitute discrimination on the basis of sex, in violation of Title VII of the Civil Rights Act.

38.   Boston Market's actions were intentional and encouraged in an environment where degradation based on sex was common and tolerated.

39.   As a result of Boston Market's unlawful sexual harassment, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Boston Market to include: an award of backpay and benefits, front pay, prejudgment interest, compensatory damages, non-pecuniary damages, punitive damages, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT II- TITLE VII Retaliation

40. Plaintiff realleges and readopts, the allegations of Paragraphs one (1) through eight (8) and Paragraphs eleven (11) through twenty-five (25), as though fully set forth herein.

41. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Title VII of the Civil Rights Act of 1964 as amended such as when Manager Claxton would brag about his sexual exploits, make sexual jokes, and when he forcibly entered the locked single stall restroom while Plaintiff was using the restroom.

42. Plaintiff engaged in protected activity when she reported Manager Claxton's sexual harassment to the General Manager Ms. Voght.

43. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action when Manager Claxton forced her to do harder dirtier jobs, subjected her to increased scrutiny as compared to other employees, and engaged in an increase of abusive behavior.

44. The actions by Boston Market constitutes retaliation in violation of Title VII of the Civil Rights Act.

45. As a result of Boston Market's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

   **WHEREFORE**, Plaintiff demands judgment against Boston Market to include: an award of backpay and benefits, front pay,

prejudgment interest, compensatory damages, non-pecuniary damages, punitive damages, costs and reasonable attorney's fees, and any other such relief as this honorable Court deems just and equitable.

## COUNT III – FMLA Interference

46.   Plaintiff realleges and readopts the allegations of Paragraphs one (1) through eleven (11), Paragraphs fourteen (14) through fifteen (15), and Paragraphs twenty-six (26) through thirty-two (31), as though fully set forth herein.

47.   Plaintiff worked at least 1,250 hours during the previous 12 months of employment with Boston Market and was entitled to protection under the FMLA.

48.   Boston Market employed 50 or more employees within a 75-mile radius within 12 months before it terminated Plaintiff and Boston Market was required to comply with the FMLA.

49.   Plaintiff complied with all of the notice and due diligence requirements of the FMLA.

50.   Plaintiff qualified for FMLA leave since she began suffering from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

51.     Boston Market never gave Plaintiff general or specific notice of her right under the FMLA to take FMLA-qualifying leave on account of her gallbladder surgery.

52.     Boston Market did not make further inquiry as to whether Plaintiff's absence truly qualified for FMLA leave.

53.     Boston Market failed to cooperate with Plaintiff in her attempt to exercise her FMLA rights, and otherwise interfered with Plaintiff's attempt to exercise her FMLA rights when it terminated Plaintiff.

54.     Boston Market's actions toward Plaintiff well might have dissuaded a reasonable worker from taking FMLA leave.

55.     Boston Market's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

        **WHEREFORE**, Plaintiff demands judgment against Boston Market to include: an award of backpay and benefits, front pay, prejudgment interest, compensatory damages, non-pecuniary damages, liquidated damages, costs and reasonable attorney's fees and any other such relief as this honorable Court deems just and equitable.

## COUNT IV – FMLA Retaliation

56.   Plaintiff realleges and readopts the allegations of Paragraphs one (1) through eleven (11), Paragraphs fourteen (14) through fifteen (15), and Paragraphs twenty-six (26) through thirty-two (31), as though fully set forth herein.

57.   Plaintiff worked at least 1,250 hours during the previous 12 months of employment with Boston Market and was entitled to protection under the FMLA.

58.   Boston Market employed 50 or more employees within a 75-mile radius within 12 months before it terminated Plaintiff and Boston Market was required to comply with the FMLA.

59.   Plaintiff complied with all of the notice and due diligence requirements of the FMLA.

60.   Plaintiff qualified for FMLA leave since she began suffering from a serious health condition, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

61.   Plaintiff engaged in activity protected by the FMLA when she reported to her managers, Mr. Jensen and Ms. Voght, that she was going to the emergency room and that she was having surgery to remove her

gallbladder and requested and took leave due to her serious health condition.

62. Boston Market knew, or should have known, that Plaintiff was exercising her rights under the FMLA and was aware of Plaintiff's need for FMLA-protected absence.

63. Boston Market retaliated against Plaintiff by terminating her employment because Plaintiff engaged in the statutorily protected activity of requesting and taking FMLA leave.

64. Boston Market's retaliation well might have dissuaded a reasonable worker from taking FMLA leave.

65. Boston Market's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Plaintiff's rights.

**WHEREFORE**, Plaintiff demands judgment against Boston Market to include: an award of backpay and benefits, front pay, prejudgment interest, compensatory damages, non-pecuniary damages, liquidated damages, costs and reasonable attorney's fees and any other such relief as this honorable Court deems just and equitable.

## COUNT V- ADA Violation (Reasonable Accommodation)

66. Plaintiff realleges and readopts the allegations of Paragraphs one (1) through eleven (11), Paragraphs fourteen (14) through fifteen (15), and

Paragraphs twenty-six (26) through thirty-two (31), as though fully set forth herein.

67.   Plaintiff is a member of a protected class under the ADA.

68.   Plaintiff was subjected to disparate treatment by Boston Market on the basis of her disability, and/or perceived disability.

69.   Specifically, Boston Market failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted her to perform all of the essential functions of her job with Boston Market.

70.   Boston Market's actions were willful and done with malice. Plaintiff was injured due to Boston Market's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands judgment against Boston Market to include: an award of backpay and benefits, front pay, prejudgment interest, compensatory damages, non-pecuniary damages, punitive damages, costs and reasonable attorney's fees and any other such relief as this honorable Court deems just and equitable.

## COUNT VI- ADA Retaliation

71.   Plaintiff realleges and readopts the allegations of Paragraphs one (1) through eleven (11), Paragraphs fourteen (14) through fifteen (15), and

Paragraphs twenty-six (26) through thirty-two (31), as though fully set forth herein.

72. Plaintiff is disabled or was perceived by Boston Market as being disabled.

73. Boston Market failed to provide Plaintiff with a reasonable accommodation for her disability and failed to utilize the interactive process to find a reasonable accommodation, and shortly thereafter terminated her employment.

74. Boston Market retaliated against Plaintiff because she disclosed her disability and requested a reasonable accommodation of medical leave of absence.

75. Boston Market's actions were willful and done with malice. Plaintiff was injured due to Boston Market's violations of the ADA.

**WHEREFORE**, Plaintiff demands judgment against Boston Market to include: an award of backpay and benefits, front pay, prejudgment interest, compensatory damages, non-pecuniary damages, punitive damages, costs and reasonable attorney's fees and any other such relief as this honorable Court deems just and equitable.

## COUNT VII – Violation of Florida Private Sector Whistleblower Statute F.S. §448.102(3)

76.  Plaintiff realleges and readopts the allegations of Paragraphs one (1) through ten (10) and Paragraphs fourteen (14) through thirty-one (31) of the Complaint as though fully set forth herein.

77.  The retaliatory actions described were conducted by Boston Market through its agents or employees, in part or in total, because Plaintiff objected to or refused to participate in the activities, policies, or practices of Boston Market which were violations of laws, rules or regulations. Specifically, Plaintiff complained of and/or objected to sexual harassment and retaliation, and Invasion of Privacy by Manager Claxton.

78.  The retaliatory actions, such as forcing her to do harder and dirtier jobs, increasing the complained of sexual harassment and discrimination, and terminating her employment by Boston Market through its agents or employees, in part or in total, because Plaintiff provided information to an appropriate person. Specifically, Plaintiff provided information to the General Manager of Boston Market in connection with the sexual harassment and retaliation by Manager Claxton.

79.  As a result of the retaliatory actions of Boston Market, Plaintiff has suffered damages including: lost wages, benefits, and other

remuneration, emotional distress and humiliation. These losses are permanent or intermittent and will continue into the future.

80. Boston Market's illegal retaliation against Plaintiff was willful, malicious, and taken with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff demands judgment against Boston Market to include: an award of backpay and benefits, front pay, prejudgment interest, compensatory damages, pecuniary and non-pecuniary damages, costs and reasonable attorney's fees and any other such relief as this honorable Court deems just and equitable.

## Count VIII Invasion of Privacy by Intrusion Upon Seclusion

81. Plaintiff realleges and readopts the allegations of Paragraphs one (1) through six (6), Paragraph eleven (11) and Paragraphs fourteen (14) through twenty-one (21) of the Complaint as though fully set forth herein.

82. Plaintiff had a reasonable expectation of privacy when Plaintiff entered the single person bathroom and locked the door.

83. Manager Claxton was acting within the scope of employment during working hours and acting to further Boston Market's interest when Manager Claxton unlocked and opened the single person bathroom that Plaintiff occupied.

84. By way of employee's conduct, Boston Market, intentionally invaded Plaintiff's privacy by physically intruding upon Plaintiff's seclusion in an offensive and objectionable manner.

85. The intrusion by Boston Market, was highly offensive to a reasonable person having ordinary dealings and sensibilities.

86. As a direct and proximate cause of Boston Market's actions, Plaintiff was injured and suffered mental distress.

      **WHEREFORE**, Plaintiff demands judgment against Boston Market to include: an award of pecuniary and non-pecuniary damages, punitive damages, costs and any other such relief as this honorable Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury for all issues so triable.

Dated: April 13, 2021.

      Respectfully submitted,

      */s/ Deron T. Roberson Jr.*
      DERON T. ROBERSON, JR.
      Florida Bar Number 1011941
      AARON C. ROBERSON
      Florida Bar Number 1018139
      ROBERSON & ROBERSON P.A.
      Email:
      d.roberson@robersonemploymentlaw.com;
      a.roberson@robersonemploymentlaw.com;
      Info@robersonemploymentlaw.com

16057 Tampa Palms Blvd. W. #231
Tampa, Florida 33602
Phone:  813.808.3688
Attorneys for Plaintiff